IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHARON S. ZALUSKEY**,

    Plaintiff,

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**,

    Defendant.

No. 3:10-CV-06170-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Sharon Zaluskey challenges the Commissioner's decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

On November 10, 2005, Ms. Zaluskey filed for DIB and SSI under Titles II and XVI of the Social Security Act. AR 11.[1] These applications were denied initially and on reconsideration. AR 11. Ms. Zaluskey requested a hearing before an administrative law judge ("ALJ"), and Judge Jean Kingrey held a hearing on October 16, 2007. AR 11. Judge Kingrey denied Ms. Zaluskey's claim on January 15, 2008. AR 11. The Appeals Council denied review on April 22, 2010, making the ALJ's decision the final decision of the Commissioner. AR 1. Ms. Zaluskey timely appealed this decision.

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One the ALJ found that Ms. Zaluskey has not engaged in substantial gainful activity since the alleged onset date. AR 13. At Step Two the ALJ found that Ms. Zaluskey suffered from mild to moderate depression; fibromyalgia; carpal tunnel syndrome; and attention deficit disorder. AR 14. Continuing to Step Three, the ALJ found that the combination of impairments does not meet or equal a disorder listed in the Commissioner's regulations. AR 14.

The ALJ next evaluated Ms. Zaluskey's residual functional capacity ("RFC"), finding that she could perform medium exertional work, defined as: frequently lifting 25 pounds and occasionally lifting 50 pounds; frequent fingering; simple routine tasks; and no complex or

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filled with the Commissioner's Answer on November 18, 2010.

detailed tasks. AR 14. Based on this RFC, the ALJ found at Step Four that Ms. Zaluskey could not perform any past work. AR 21.

The ALJ continued to Step Five, relying upon testimony from the vocational expert to find that an individual with Ms. Zaluskey's age, education, work experience, and residual functional capacity could work in a significant number of other jobs, such as a cleaner, hotel cleaner, surveillance systems monitor, and order clerk. 22-23. Based on the Step Four and Step Five findings, the ALJ denied benefits. AR 23.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## DISCUSSION

Ms. Zaluskey contends that the ALJ erred by: (1) rejecting Ms. Zaluskey's subjective complaints of pain and fatigue; (2) failing to fully consider Ms. Zaluskey's impairments in combination when determining her residual functional capacity ("RFC"); (3) failing to give adequate weight to the opinions of Ms. Zaluskey's treating physician; and (4) failing to sustain the ALJ's burden at step five to show that there is other work in the national economy that Ms. Zaluskey could perform.

### I.     The ALJ Correctly Discounted Ms. Zaluskey's Subjective Complaints

#### A.  *Legal Standard for Discounting Subjective Complaints*

"In deciding whether to accept a claimant's subjective symptom testimony, 'an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms.'" *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996) (footnote omitted) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)(1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen*, 80 F.3d at 1282 (italics in original).

If there is no affirmative evidence to suggest that a claimant is malingering, the ALJ must present clear and convincing reasons to discredit the claimant's allegations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir 1998). The ALJ must identify what testimony is not credible and

what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Id.* at 724. If an ALJ notes at least "arguably germane reasons for dismissing" testimony, "even if he did not clearly link his determination to those reasons" then the ALJ's decision is supported by substantial evidence. *Lewis v. Apfel,* 236 F.3d 503, 511-12 (9th Cir 2001). An ALJ may consider the extent to which a claimant's daily activities, inconsistent statements, and medical evidence contradict her testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

### B. *Ms. Zaluskey's Subjective Complaints Are Not Credible*

The ALJ presented clear and convincing reasons to discredit Ms. Zaluskey's allegations of pain and fatigue based on her daily activities, inconsistent statements, and medical evidence. Ms. Zaluskey continued to scuba dive and exercise at the gym well after she was allegedly disabled. AR 19. She went on a seven-day vacation to the Cayman Islands to scuba dive in October of 2004, and told her doctor she wanted to pursue an advanced diving certification. AR 15. She took care of her household, prepared all meals, shopped weekly, and attended church and her children's school activities. AR 19. These activities all contradicted her allegedly disabling pain and fatigue.

Ms. Zaluskey's testimony contains many inconsistencies with evidence in the record. AR 19. Ms. Zaluskey testified that she was diagnosed with fibromyalgia in 1999, but the record contains no such diagnosis until 2005. AR 19. She also testified that her prescription medications did not always help her migraine headaches, which differs from the overall evidence which shows she told her doctors her migraine headaches were well-controlled on the prescription medications. AR 19-20. Claimant testified that she studied for her real estate license and

5

successfully obtained it, but quit because she had difficulty building a clientele. AR 20. This ability to study for and gain a license, as well as take college level courses, is inconsistent with her allegation of debilitating functional abilities related to her fibromyalgia symptoms. AR 20.

The ALJ relied on clear and convincing reasons when she properly discounted Ms. Zaluskey's subjective complaints of pain and fatigue.

## II.    The ALJ Considered All Impairments in Combination when Determining the Residual Functional Capacity

### A.  *Legal Standard for Determining Residual Functional Capacity*

The limitations imposed by every medically determinable impairment must be accommodated in the residual functional capacity finding. SSR 96-8p. The fact that an ALJ does not mention all evidence purportedly supporting a claimant's case does not demonstrate her failure to consider the entire record. SSR 96-8p. The ALJ is not required to discuss evidence that is neither significant nor probative. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Additionally, the ALJ is not required to include unsubstantiated symptom testimony when determining the claimant's RFC. *Smolen*, 80 F.3d at 1284.

### B.  *The ALJ Properly Considered All Impairments in Combination*

The ALJ properly considered all of the claimant's impairments in combination when determining the RFC. Contrary to Ms. Zaluskey's allegations, the ALJ did in fact consider her chronic fatigue syndrome, osteoporosis, migraine headaches, and pain treatment. As discussed above, the ALJ found Ms. Zaluskey's testimony regarding her pain symptoms and chronic fatigue to be unsubstantiated, and therefore was not required to include those alleged limitations in Ms. Zaluskey's RFC.

Evidence of Ms. Zaluskey's osteoporosis does not constitute a significant or probative finding that would have affected the ALJ's RFC determination. The ALJ notes that bone density

scans ordered by Dr. Roesel indicated she had osteoporosis, but a follow up with the endocrinologist returned negative. AR 18. Dr. Roesel continued prescribing a drug against the advice of the specialist. AR 18, 21. The ALJ found Dr. Roesel's opinion regarding osteoporosis was based on claimant's subjective complaints of back pain rather than objective medical evidence. AR 21. The ALJ gave Ms. Zaluskey's claim of osteoporosis its proper consideration.

The ALJ noted that claimant suffers from intermittent migraine headaches, but concluded that the overall record indicates that such headaches are well-controlled on prescription medication and that an MRI indicated normal brain activity. AR 14.

The ALJ properly considered all of Ms. Zaluskey's impairments in determining her RFC.

### III.     **The ALJ Properly Discounted Dr. Roesel's Opinion**

#### A.     *Legal Standard for Opinions By Treating Physicians*

If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record it is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2).

If the treating physician's opinion is not entitled to controlling weight, it is weighted according to the several factors listed in 20 C.F.R. § 404.1527(d)(2). These factors include: length of the treatment relationship; frequency of examination; nature and extent of the relationship; knowledge the treating source has about the claimant's impairments; treatment provided; kinds and extent of examinations and tests; use of specialists or laboratories; supportability; explanation of the opinion; consistency with the record as a whole; specialization; and knowledge of the disability programs. 20 C.F.R. § 404.1527(d).

An ALJ may reject an uncontradicted opinion by a treating physician only by providing "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, an "ALJ need not accept the opinion of any

physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.* at 1217 (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *see also Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may reject a physician's testimony to the extent it is predicated upon the testimony of a claimant deemed not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

### B.     *Dr. Roesel's Opinion Was Not Entitled to Greater Weight*

For the reasons stated above, the ALJ properly discounted Dr. Roesel's opinion because it is not well-supported by clinical or laboratory diagnostic techniques, it is inconsistent with other evidence on the record, and it is predicated upon Ms. Zaluskey's subjective testimony. AR 21; *see also* 20 C.F.R. § 404.1527(d)(2).

### IV.    The ALJ Proved There is Other Work in the National Economy That Ms. Zaluskey Can Perform.

A claimant fails to show error in the vocational analysis by merely reiterating her dispute with the residual functional capacity finding. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Ms. Zaluskey claims that the ALJ failed to meet her burden at step five because she did not take all of Ms. Zaluskey's impairments into consideration when determining the RFC. As discussed above, the ALJ properly discounted the testimony of Ms. Zaluskey and Dr. Roesel, and considered all impairments when determining the RFC. The ALJ met her burden to prove that based on Ms. Zaulskey's RFC there are jobs in the national economy that Ms. Zaluskey can perform.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence. Therefore, I AFFIRM the Commissioner's decision, and Ms. Zaluskey's appeal is DISMISSED.

IT IS SO ORDERED.

DATED this __3rd__ day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court